In the Matter of Viola Henderson, Petitioner, v. Temporary State Housing Rent Commission, Respondent.

Supreme Court, Special Term, New York County, November 28, 1961.

*George W. Hicks* for petitioner. *Harold Zucker* (*Julius A. Copeland* of counsel), for respondent.

JACOB MARKOWITZ, J. Tenant brings this article 78 proceeding to review a determination of the State Rent Administrator which increased the maximum rent of her apartment because of increased occupancy. Petitioner does not dispute the finding of increased occupancy, occasioned by her subleasing a portion of her apartment without the landlord's written consent. The sole ground of the challenge made herein is that landlord is entitled to no increase in maximum rent where he is not providing essential services. The proposition, standing alone, is unquestionably true (State Rent and Eviction Regulations, § 33). Nevertheless, a clear differentiation appears in the facts of the instant application. In a prior proceeding before the Rent Commission concerning subject apartment, the tenant was granted a decrease in maximum rent because of landlord's failure to maintain garbage collection—an essential service. Accordingly, thereafter, a new maximum rental was fixed which did not, of course, include said garbage collection as an essential service to be provided under the new rent. The tenant having been compensated therefor by a reduction in rent, the landlord was no longer obligated to maintain that service. This being so, the landlord could properly allege and prove that he was maintaining all essential services, required to be maintained under the existing maximum rental, when he applied for the rent increase herein. No other failure in regard to the providing of essential services is charged by petitioner. Therefore, no bar—on this basis—existed as to landlord obtaining the requested increase, if the other facts alleged justified it. No dispute is contended as to the increased occupancy. Accordingly, the determination was neither arbitrary, capricious, unreasonable nor unlawful. The petition is dismissed.