Froessel and Van Voorhis, JJ. (dissenting).
The State Rent Commission possesses broad powers with respect to the maintenance by landlords of 1 ‘ essential services ’ ’ to tenants. These are defined by statute to be such as were furnished as of the date of the issuance of the order adjusting the maximum rent (Emergency Housing Rent Control Law, § 4, subd. 4). Where any of these are withdrawn, the Rent Commission is empowered to fix their equivalent in rental value, and where, as here, the premises are not thereby rendered untenantable, to reduce the rent in an amount equivalent to the value of the services withdrawn. The maximum rent, as previously fixed, is, accordingly, decreased by the corresponding amount.
After the rent has been thus reduced, as it was here, for a comparatively trivial defect in maintenance — puttying windows — ■ the landlord is not required to provide the service or maintenance at the reduced rent. What has been compensated for by the reduction in rent has ceased to be an essential service because it has been offset by the reduction in what the tenant has to pay. Consequently, if, by reason of other factors, the landlord becomes entitled to an increase in rent, he is not, in our opinion, barred from applying for an increase by the provision in subdivision 4 of section 4 of the State Rent Act, that no landlord shall be entitled to any increase in the maximum rental unless he certifies that he is maintaining all the essential services.
This provision was not intended to be punitive nor to give to the tenant something for nothing. In our view, what has occurred here does not automatically preclude the landlord from obtaining an increase in rent due to other factors provided that the equivalent in value of the services no longer furnished continues to be deducted from what the landlord would otherwise be entitled to receive (Matter of Dicmac Holding Co. v. Weaver, 4 A D 2d 859, affg. 10 Misc 2d 121; Matter of Henderson v. Temporary State Housing Rent Comm., 35 Misc 2d 437). If *729 the construction of the statute and rules were otherwise, grave doubts concerning constitutionality would arise.
The order appealed from should be reversed, with costs, the order of respondent of December 7,1961 and the order of August 18, 1961 of the Local Rent Administrator reinstated.
Order affirmed.